Barbour, J., (dissenting.)
The measure of damages, in a case of this kind, is the amount which the owner of the note has lost by the failure of the carrier or agent to perform his duty by protesting the note. (Van Wart v. Wooley, 5 Dowl. & Ryl., 374; Allen v. Suydam, 20 Wend., 327; Warren Bank v. Parker, 8 Gray, 222; Bank of Utica v. McKinster, 11 Wend., 473; Stowe v. Bank of Cape Fear, 3 Dev., 408; and see also, Russell v. Palmer, 2 Wilson, 325; Clark v. Smith, 10 Conn. R., 1; Varril v. Heald, 2 Greenleaf, 91; Wolcott v. Gray, Brayton’s B., 91; Potter v. Lansing, 1 Johns., 215.) In order to sustain his case, it was incumbent upon the plaintiff, therefore, to show, first, that the maker was insolvent, which was done; and, secondly, that the indorsers, or one -of them, were good, which he did prove; and, thirdly, that, because of the failure of the defendants to protest, the indorsers, or the only good one, were legally exonerated from the payment of the note-or some part of it. In regard to this, he proved that Anna Saltus was good) and was thus exonerated. But he failed to show that Saltus & Co., who were able to pay, were so reléased or discharged -from liability. On the contrary, dt appears from' the evidence, :that the ¡firm of Saltus & Co.’had received from the principal: obligor in the note, $1,000, as.a payment to that -extent; and that, in consideration of such payment, made in advance, they *467 undertook and agreed to protect, %. e., to pay, the note. The payment and agreement Hichols swears to positively. That SI,000 must be considered, under a well known rule of law, as having been received by Sal tus & Co., in trust for the plaintiff; and he can as readily collect the same from them as he could have recovered against them upon the note, if it had been duly protested and notice sent to them. This is sufficient to show that the .Judge erred in directing the Jury to find a verdict for the whole amount of the note, without considering the question as to whether the undertaking to protect the note was supported by a sufficient consideration, or is good, not being in writing, under the statute of frauds.
The judgment should be reversed, and a new trial granted.
Judgment affirmed.